## Curry *versus* Bott.

1. Where a tract of land was sold by the sheriff as the property of the husband, in an ejectment against him he himself could set up no defence against the purchaser. But if at the time of the levy and sale, his wife was the owner, he might set up her title to prevent her ouster.

2. Since the Act of April 22d 1850, the curtesy of the husband in his wife's estate is exempt from levy and sale during her life.

3. There is no presumption in favor of the wife's title; the husband's possession is presumed to be in his own right till the contrary be shown, and the wife's interest must be shown by clear and unequivocal evidence.

4. The husband could not protect himself in possession against a sheriff's deed by an after acquired title in his wife; a deed for the land to the wife made after suit, and preceded by no equity, was properly rejected.

5. A vendor conveyed to the wife for the consideration of $300 for which he took her note; he received about $80 on the note and gave it up to her; this was a purchase and not a gift of the land, and it became the property of the husband without clear and satisfactory evidence of a separate estate in the wife, which was applied to the payment of the consideration.

6. Her note without a separate estate devoted to its payment, is not sufficient to give her the title; the presumption is that the consideration is to be paid by the husband.

7. The vendor's conveyance to the wife did not reserve a lien for the unpaid purchase-money; he had no remedy on his title to recover the purchase-money, and the wife could not stand in his shoes to enforce it against her husband.

ERROR to the Court of Common Pleas of *Armstrong county*.

This was an action of ejectment by Andrew Bott and Sophia his wife, against Peter Curry and others, brought on the 4th of October 1864.

The land in dispute contained about 140 acres and had belonged to David Kelly. On the 23d of January 1853 Kelly entered into an article of agreement for the sale of 100 acres of the tract to Curry for the consideration of $900, possession to be given on the 1st day of April then next. On the article of agreement the following are inscribed:—

"February the 24th, received of Peter T. Curry $600, by taking 57 acres of land, more or less, in Cherry Tree township, Venango county, being his interest as an heir attached to him, witness my hand.                    "DAVID KELLY, [L. S.]

"March 1st 1854, this day David Kelly and me has rescinded this contract or conveyance, given under my hand and seal.
                                        "PETER CURRY."

On the same day (March 1st), Kelly conveyed the 100 acres to Esther Curry, wife of Peter Curry, in consideration of $300. On the deed is endorsed "March 1st 1854, received of Esther Curry $300, the consideration-money within mentioned, in full. DAVID KELLY."

This deed was recorded September 13th 1854.

[Curry *v.* Bott.]

On the 28th of December 1864, after the commencement of the suit, Kelly conveyed to Mrs. Curry the remaining 40 acres of the land in controversy, for the consideration of $25. On the deed is endorsed "December 28th 1864, received of Esther Curry $25, being in full of the consideration within mentioned. DAVID KELLY."

On the trial the plaintiff proved the service of the writ in ejectment on Curry, his possession of the premises and that no other person was in possession: also that Curry and his family had lived there since the fall of 1854. The plaintiff also proved a judgment against Curry in favor of Evan Evans & Co., execution on it and levy and sale by the sheriff of his right in the land, deed to the purchaser December 9th 1861 and conveyance from the purchaser, July 11th 1864 to the plaintiff Sophia Bott, wife of Andrew Bott, and rested.

The defendant having shown title in Kelly, gave in evidence the foregoing deed from him to Mrs. Curry for the 100 acres. He also offered in evidence the deed from Kelly to Mrs. Curry for the 40 acres, which was objected to by the plaintiff, rejected by the court and a bill sealed. He also called Kelly, who testified that he got a note from Mrs. Curry for $300, the consideration of the 100 acres; that he received from Mrs. Curry $48 derived from wood which she had sold from the land, and $30 more; that he never got any other payment, that he "gave her up the note for the balance and said he would take her word for it."

The deposition of Evan Evans was taken by the defendant. It contained the following, which was rejected by the court and an exception taken: "Did not Huston Gibson and others tell you that you had better make yourself safe, as Kelly was about issuing on the property? Answer by Evan Evans: Yes. Question: Who sold Bott the deed? Answer: My partner, Richard Jennings, who closed the sale and transferred the deed to Mrs. Bott."

The court affirmed the plaintiff's point "that upon the whole evidence in this case the plaintiff is entitled to recover."

The defendant's counsel asked the court to charge:—

1. That the defendant has shown a perfect legal title in his wife, Esther Curry, to the land in dispute as her own separate property, and the defendant can defend his possession under her title, and the plaintiff cannot recover in this case.

2. If the jury believe that Peter Curry, as vendee of David Kelly, had become insolvent and unable to pay the balance of purchase-money, and David Kelly, his vendor, was about to sue him and recover back the land or enforce the payment of the balance of purchase-money, and Curry knowing these facts threw up the land to Kelly and rescinded the contract of purchase, then the

3 P. F. SMITH—26

[Curry *v.* Bott.]

conveyance of David Kelly to Esther Curry is good, and the verdict must be for the defendant.

3. If the jury believe from the evidence that Peter Curry was insolvent and unable to pay the balance of purchase-money, then the conveyance to Esther Curry puts her in the position of the vendor, David Kelly, holding the legal title and entitled to the $300, balance of purchase-money and interest, and the plaintiff cannot recover without tendering the balance of purchase-money.

4. That Evan Evans & Co., as creditors of Peter Curry, had the right, and should have protected their rights, by paying the balance of purchase-money to David Kelly before he conveyed the land to Esther Curry, or by paying the same to her after the conveyance to her, and the plaintiff cannot recover without doing so.

5. That the deed of David Kelly to Esther Curry, whether fraudulent or not as to creditors of Peter Curry, is valid as between David Kelly and Esther Curry, and gives her not only the legal title to the land but also the balance of purchase-money, giving her all legal remedies to recover said purchase-money, and the plaintiff in this case cannot recover without having first paid her the same.

6. That if the jury believe from the evidence of David Kelly, that he, David Kelly, gave up the note of Esther Curry, which he took from her for the purchase-money of the land, and released her from the payment of the same, then it is a gift and the plaintiff cannot recover.

The court answered these points in the negative.

There was a verdict for the plaintiff.

The defendant took a writ of error and assigned for error the rejection of his offers of evidence, the affirmance of the plaintiff's point and the denial of his points.

*J. Boggs,* for plaintiff in error, cited McElfatrick *v.* Hicks, 9 Harris 402; Barncord *v.* Kuhn, 12 Casey 383; Ogle *v.* Lichterberger, 1 Am. L. Jour. 121; Bradley *v.* O'Donnell, 8 Casey 278; Gore *v.* Kinney, 10 Watts 140; Pusey *v.* Harper, 3 Casey 469.

*Golden & Neale,* for defendants in error, cited Bowman *v.* Fry, 1 Yeates 22; Culberson *v.* Martin, 2 Id. 443; Stahle *v.* Spohn, 8 S. & R. 325; Eisenhart *v.* Slaymaker, 14 Id. 153; Green *et al. v.* Watrous, 17 Id. 393; Young *v.* Algeo, 3 Watts 223; Snavely *v.* Wagner, 3 Barr 275; Dunlap *v.* Cook, 6 Harris 454; McElfatrick *v.* Hicks, 9 Harris 402; Walker *v.* Reamy, 12 Casey 410; Aurand *v.* Schaffer, 7 Wright 363; Gault *v.* Saffin, 8 Id. 307; Parvin *v.* Copewell, 9 Id. 89; Gross *v.* Reddig, Id.

[Curry v. Bott.]

406 ; Robinson v. Wallace, 3 Id. 129 ; Baringer v. Stiver, 13 Id. 129 ; Hoffman v. Toner, Id. 231.

The opinion of the court was delivered, November 8th 1866, by AGNEW, J.—The entire tract of 140 acres of land having been levied and sold and the ejectment brought against Peter Curry alone, it is very clear he himself could set up no defence against the purchaser at sheriff's sale or his vendee. But if at the time of levy and sale his wife, and not he, was the owner of the premises, her title might be set up by him to prevent her ouster. Indeed, since the Act of 22d April 1850, even the curtesy of the husband in her estate is exempted from levy and sale during the wife's lifetime. But there is no presumption in favor of her title. The husband being the head of the family and the protector and, supporter of the wife, his possession is presumed to be in his own right until the contrary is made to appear. The rule established in many decisions, some of them quite recent, is, that in a contest with the husband's creditors the proof of the wife's interest must be shown by clear and unequivocal evidence. In the attitude of this case the burthen was cast most strongly upon the wife.

The deed for the 40 acres, made after the bringing of this suit and preceded by no equity, was rightly rejected. Peter Curry cannot protect himself in possession against the sheriff's deed by an after-acquired title in his wife. This leaves in controversy only the 100 acres conveyed by Kelly to Mrs. Curry in 1854. The evidence is clear that Peter Curry had previously purchased the same land of Kelly and paid $600 upon it. When Kelly and Curry rescinded the agreement, Kelly on the same day or the next conveyed the land to Mrs. Curry for the exact balance unpaid by Curry on the agreement, without restoring any part of the $600. The conveyance does not purport to be a gift but was made for the sum of $300, for which he took her note. Mrs. Curry made upon this note two small payments, one of which was by means of timber taken from the premises. Kelly testifies that he afterwards surrendered her note and took her verbal promise to pay the balance. It is very plain that this was a purchase by Mrs. Curry and not a gift to her ; if, indeed, it was not a gross fraud to cover the property from Curry's creditors. But, conceding it to be a fair purchase, it became the property of Peter Curry, the husband, without clear and satisfactory evidence of the possession of a separate estate of her own on part of Mrs Curry, which was applied to the payment of the consideration of the deed. Her credit alone, without a separate estate, is not sufficient to invest her with title. The presumption is, that the consideration was paid or to be paid out of the estate of her husband. This has been fully decided in the recent case of Baringer v. Stiver, 13 Wright 129. There is nothing in the evidence to

convince us that the purchase was paid or could have been paid for out of any separate estate of Mrs. Curry. The court was, therefore, right in answering the plaintiff's point in the affirmative.

For the same reasons, the offers of evidence by the defendant were rightly rejected and his points refused. Kelly's deed to Mrs. Curry was absolute and transferred his whole estate without a lien reserved or taken for the purchase-money. As he had no remedy upon his title to recover the purchase-money, so Mrs. Curry could not stand in his shoes to enforce a lien against her husband. The deed vested this title, as we have seen, in the husband and not in the wife, and the release of the note of the wife did not operate to divest the estate already vested in Curry, or to convert it into a gift to his wife. As an instrument her note was invalid, and, at most, it was but her credit, which without a separate estate devoted to its payment vested no title to the land in her.

Finding no error in the record, the judgment is affirmed.